

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KEVIN OTHELL LAFERNEY, PRO SE, <br> TDCJ-CID No. 01498939, <br><br> Plaintiff, <br><br> v. <br><br> LAUREN PARISH, <br> JANE DOE PARISH, <br> BILLY BYRD, and <br> JANE DOE BYRD, <br><br> Defendants. | § § § § § § § § § § § § § § | 2:17-CV-0024 |

## REPORT AND RECOMMENDATION

Before the Court for consideration is plaintiff's Motion for summary judgment against all defendants [D.E. 6] and Motion to Compel [D.E. 5]. Plaintiff has also filed a Request for the Clerk to issue Entry of Default, although no default judgment has been entered. [D.E. 9]. Plaintiff KEVIN OTHELL LAFERNEY, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed a lawsuit which he classifies as "a Verified Amended Complaint Bill in Equity." Plaintiff alleges he has filed suit to enforce "liens" which he alleges have matured against the defendants. Plaintiff alleges he is a "private American" and not a "citizen" of the United States, although he attaches a copy of his birth certificate, indicating birth in the United States. Plaintiff alleges the value of the liens against defendants equates to seventy-one million, eight-hundred forty thousand dollars ($71,840,000), plus interest accruing.

### OVERVIEW OF THE CASE

On April 29, 2008, plaintiff was convicted pursuant to a *plea agreement* in Upshur County, Texas of the offense of Aggravated Sexual Assault of a Child. Plaintiff received a sentence of LIFE in the Texas Department of Criminal Justice ("TDCJ"). The sentencing judge in plaintiff's criminal

case was State District Judge Lauren PARISH. The prosecuting attorney at the time of plaintiff's criminal case in Upshur County was Mr. BILLY BYRD. Plaintiff claims he has been unlawfully incarcerated on these charges since August 14, 2006.

Plaintiff alleges he filed and perfected liens against all defendants by serving defendants via the Clerk of Court for Upshur County by certified mail on September 26, 2016, and plaintiff attached a copy of such "liens" to this civil suit. In his "Private International Notice of Claim in the Admiralty, Without the United States" attached to his lawsuit, plaintiff states the defendants are "equally responsible for the Rights violations" against plaintiff through the prosecution and conviction and sentencing of the plaintiff in the case above. He claims he was denied numerous rights by all defendants as a part of his "Bill in Equity," including "vacating a lawfully void judgment." He also claims defendants committed 35 individual rights violations against him.

In an attached "affidavit," plaintiff claims the government has a plan to make "all free and independent Americans into U.S. citizens/slaves." In the same paragraph, the plaintiff indicates a government conspiracy exists to make each individual into a "person with civil rights conferred by the U.S. government." Plaintiff alleges the Upshur County District Court and the Upshur County Prosecutor's Office are private, for-profit corporate entities rather than government agencies.

## CLAIMS AND REQUESTS FOR RELIEF

In this lawsuit plaintiff, KEVIN OTHELL LAFERNEY, contends he has the right to collection of damages based on each lien served on the above-named defendants in Upshur County, Texas. Plaintiff is challenging the legitimacy of his underlying criminal conviction through the filing of these liens. Often referred to as a "sovereign citizen" claim, plaintiff's lien filings in Upshur County, Texas are filed against the government actors involved in the prosecution of his underlying criminal conviction on the grounds that these individuals had no authority or jurisdiction over him at the time the criminal arrest and prosecution took place and thereafter. Plaintiff cites numerous

legislative acts and supposed common law principles, including the War Powers Act, the Civil Rights Act, bankruptcy laws, contract law, admiralty law and "commercial codes" as authority for his position. In particular, plaintiff focuses on "admiralty jurisdiction" and the filing of a commercial law lien pursuant to the Uniform Commercial Code as a justification for the filing of this lawsuit. Plaintiff describes his affidavit as a "True Bill," referencing criminal indictments. In his "Affidavit [of Obligation]," plaintiff provided defendants thirty (30) days to release him from custody and/or pay him nearly seventy-two million dollars.

Plaintiff claims all defendants violated his rights during the resolution of his criminal case out of Upshur County. He additionally claims the defendants committed criminal acts against him. Further, plaintiff alleges he has filed liens against all defendants and defendants failed to respond to these liens such that defendants now owe plaintiff a substantial sum of money.

Plaintiff requests default judgment against the defendants of the damages under the lien in the sum of seventy-one million, eight-hundred forty thousand dollars ($71,840,000), plus interest accruing.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).

## VALIDITY OF CLAIM OF LIEN AND PLAINTIFF'S ALLEGATIONS

There is no federal or state law that allows a citizen to file a lien against a public official

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

because the citizen feels aggrieved. *See United States v. Barker*, 19 F.Supp.2d 1380, 1384 (S.D.Ga. 1998). Courts across the country have considered these types of cases for years and have held such "liens" filed by prisoners or disgruntled tax protesters against public officials to be null and void. *See United States v. Reeves*, 782 F.2d 1323, 1326 (5th Cir. 1985); *United States v. McKinley*, 53 F.3d 1170, 1172 (10th Cir. 1995); *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985); *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir. 1984)(per curiam); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983)(per curiam). In describing filings such as these, the Tenth Circuit has noted "to read these documents ... is to recognize the fundamental frivolity of the legal tenets espoused therein. We are not familiar with a citizen-customer's authority to exact a consensual commercial lien from a public official, but it is a power that has no mooring in either federal or state law." *McKinley*, 53 F.3d at 1171-72. "Neither federal nor state law provides that a prisoner or other individual may file a lien on the property of a public official if the citizen believes that the official has not faithfully fulfilled his or her duties to the public." *Barker*, 19 F.Supp.2d at 1384.

   The Fifth Circuit has determined that the First Amendment "protects an individual's right to petition his government for redress of grievances, but in order to invoke this constitutional protection [plaintiff] must establish that he had a 'reasonable basis' for taking legal action against [defendants]." *Reeves*, 782 F.2d at 1325. Since sham litigation does not involve a proper grievance, it does not come within the First Amendment. *Id.* (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983). "The filing of frivolous common law liens with the intention of securing improper benefits or advantages for one's self or others constitutes a prohibited corrupt endeavor." *Id.* at 1326.

   Commercial liens must be filed for legitimate *commercial business reasons*, not in an effort to "remedy" criminal convictions through the harassment of officials and employees a plaintiff views responsible for that conviction. *See United States v. Falice*, No. 1:04CV878, 2006 WL 2488391

(M.D.N.C. Aug. 25, 2006). Courts have even found that confiscation of publications and legal materials to prevent inmates from filing these false liens against public officials is reasonable. *See Monroe v. Beard*, 536 F.3d 198, 207-09 (3rd Cir. 2008).

Plaintiff's pleadings are particularly problematic. Not only are his filings saturated with meaningless legal terms, it is clear plaintiff has failed to plead anything close to approaching an actionable claim. Both the terms used and the documents previously referenced are nonsensical and do not describe any sort of viable cause of action. In fact, the documents filed by plaintiff may be associated with what is known as the sovereign citizen movement. *See Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (describing some beliefs of the sovereign citizen movement and noting "[s]o-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."). Civil actions similar to plaintiff's have been dismissed as without merit and frivolous. *See e.g., Paul v. New York*, No. 13-CV-5047(SJF)(AKT), 2013 U.S. Dist. LEXIS 158431, 2013 WL 5973138 (E.D. N.Y. Nov. 5, 2013) (dismissing complaint as frivolous); *Santiago v. Century 21/PHH Mortgage*, No. 1:12-CV-02792-KOB, 2013 U.S. Dist. LEXIS 43273, 2013 WL 1281776 *1 n.3 (N.D. Ala. March 27, 2013) ("The court recognizes the use of 'affidavits' and other pseudo-legal documents that purport to require responses within a specified time or face 'legal consequences' of the author's own making. Such tactics do not create valid legal documents."); *Bryant v. Washington Mutual Bank*, No. 6:07cv00015, 524 F. Supp. 2d 753, 759 (W.D. Va. Dec. 19, 2007) (noting sovereign citizens' belief that the government holds money "in secret, individual trust accounts, one for each citizen"); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (The "term 'frivolous,' when applied

to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). Based on the foregoing, this case should be dismissed for failure to state a claim upon which relief may be granted and as frivolous.

## RECOMMENDATION FOR SANCTIONS

In addition to recommending dismissal, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that sanctions be imposed on the plaintiff. The filing of this lawsuit appears to be an attempt by plaintiff to demand a monetary judgment based on fraudulently filed liens against state actors who were part of his criminal prosecution. Plaintiff argues these liens have now "matured" based on each defendants failure to respond to these fraudulent liens. The lawsuit is frivolous and constitutes harassment of these state officials and also wastes judicial resources.

The Court RECOMMENDS the following sanction be imposed on plaintiff:

> The Court is not imposing a monetary sanction at this time. However, with the exception of a Notice of Appeal which can be filed in this case, plaintiff must first seek the permission of a federal judicial officer before proceeding in any other civil lawsuit in any federal court. This includes any filings in the present case with the exception of a Notice of Appeal of a final judgment. If plaintiff fails to obtain permission from a judicial officer of this district before filing a new civil lawsuit or any additional filings (other than a Notice of Appeal) in the present lawsuit, these future submissions will be discarded without filing.
> The Clerk is instructed to discard without filing, any new submission in this cause unless it is a Notice of Appeal of a final judgment.
> **Plaintiff is WARNED that any further submission of malicious and frivolous documents in this or in any other cause will lead to a bar against all new filings and possible imposition of monetary sanctions.**

The sanction language above is the recommendation of the United States Magistrate Judge to the United States District Judge. Plaintiff may still object by filing a document entitled "Objections to the Report and Recommendation."

## CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge to the United States District Court that plaintiff's Motion for Summary Judgment be DENIED. Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the "BILL IN EQUITY" filed by plaintiff KEVIN OTHELL LAFERNEY against all defendants be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND MALICIOUS. It is further the RECOMMENDATION that SANCTIONS BE IMPOSED on this litigant for filing of a malicious lawsuit and malicious liens on public officials.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of July, 2017.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).