IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KEVIN OTHELL LAFERNEY, PRO SE, <br> TDCJ-CID No. 1498939, <br><br> Plaintiff, <br><br> v. <br><br> LAUREN PARISH, ET AL., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:17-CV-0024 |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND ORDER OF DISMISSAL

Plaintiff KEVIN OTHELL LAFERNEY, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed a civil lawsuit complaining against the above-referenced defendants. Plaintiff was originally granted permission to proceed in forma pauperis on July 21, 2017. On July 31, 2017, plaintiff filed a request to withdraw his i.f.p. status and plaintiff paid the filing fee. This Court cancelled his i.f.p. status on August 1, 2017.

On July 21, 2017, a Report and Recommendation was issued by the United States Magistrate Judge recommending the plaintiff's "Bill in Equity" and civil lawsuit be dismissed WITH PREJUDICE AS FRIVOLOUS AND MALICIOUS. The Report and Recommendation further recommended that sanctions be imposed on plaintiff for his malicious filing of this lawsuit.

On August 7, 2017, plaintiff filed Objections to the Report and Recommendation, after requesting additional time to object.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation The Court is of the opinion that

plaintiff's objections should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

Plaintiff's primary objection stems from the Court's recommendation for dismissal of his complaint without service of process on defendants after his subsequent payment of the filing fee and termination of pauper status. At the time the Report and Recommendation was issued, plaintiff was proceeding in pauper status and the Magistrate Judge conducted a preliminary screening pursuant to sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c). Pursuant to this preliminary screening, the Magistrate Judge determined service of process on the defendants was unnecessary to resolve the complaint and further determined plaintiff's "Bill in Equity" should be dismissed as frivolous and malicious. Plaintiff asserts his claim is not a "civil rights action" in the traditional manner under section 1983, but rather a contract claim under Title 42 U.S.C. section 1981[1] that arose from civil rights infractions by the defendants. Additionally, plaintiff argues his complaint is not subject to a preliminary review by the Courts prior to service of process because he has now paid the filing fee.

The Court faults this reasoning by plaintiff. Pursuant to Title 42 U.S.C. section 1997e, the Court "on its own motion" *shall* dismiss any action brought by a prisoner with respect to prison conditions under *any* federal law if that action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Also, section 1915A of the PLRA applies "regardless of whether the plaintiff has paid a

---

[1] This statute is an equal protection statute enacted to prevent racial discrimination. To the extent that plaintiff uses this statute to argue he is entitled to enforce a contract, the Court finds it unnecessary to follow plaintiff's reasoning. There is no evidence that the "liens" filed by plaintiff in any way constitute a "contract" signed by both parties (including the defendants in this case). Plaintiff filed false liens against government employees, which have no relation to enforceable contracts. Plaintiff seems to articulate that defendants, through their silence after *possibly* being served with a false lien, somehow agreed to the terms of plaintiff's "offer." This reasoning has no basis in contract law.

filing fee or is proceeding *in forma pauperis.*" See *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *see also Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). As articulated in the Report and Recommendation, plaintiff's "Bill in Equity" falls under screening processes described in these statutes, although section 1915 (the IFP screening) no longer specifically applies.

Plaintiff also argues against classification as a "sovereign citizen." However the plaintiff chooses to classify himself, he has clearly initiated abusive and malicious liens against a judge and prosecutor which are typical of this type of movement. Plaintiff's suit misuses and abuses contract law, admiralty law and commercial law in an attempt to justify trying to enforce debts through these false liens. Plaintiff's behavior shows malicious intent. Plaintiff pleaded guilty to a crime and accepted the jurisdiction of the criminal court and now attempts to collect outrageous sums of money from the judge and prosecutor involved in his criminal case. Plaintiff now argues that a state court judge and prosecutor "contracted" with him to pay these "debts." This reasoning is so clearly fraudulent and duplicitous the Court finds plaintiff is acting maliciously in attempting to collect money from these liens and finds that sanctions are appropriate to prevent further malicious filings.

Plaintiff argues he has not "filed" any liens, but rather the defendants have "contracted" with him to pay these liens and have agreed to pay these liens. This is further evidence of the plaintiff's duplicity. Plaintiff sent these liens to this Court as evidence that money is owed to him by the defendants. He sent proof he sent these documents to the Clerk of Court in the county where the defendants have jurisdiction of criminal cases. Whether these liens were "filed" by the Clerk of Court or not, plaintiff wants this Court to issue a money judgment against these

defendants. The Court notes the reasoning of the plaintiff in reaching an "agreement" with the defendants seems particularly faulty when he challenges the validity of the supposed "contract" he has with them.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.[2]

IT IS THEREFORE ORDERED that the "Bill in Equity" and civil lawsuit filed by plaintiff KEVIN OTHELL LAFERNEY is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND MALICIOUS. Plaintiff's Motion for Summary Judgment and request for entry of default are DENIED.

The Court hereby imposes the following sanction on KEVIN OTHELL LAFERNEY:

> The Court is not imposing a monetary sanction at this time. However, with the exception of a Notice of Appeal which can be filed in this case, plaintiff must first seek the permission of a federal judicial officer before proceeding in any other civil lawsuit in any federal court. This includes any filings in the present case with the exception of a Notice of Appeal of a final judgment. If plaintiff fails to obtain permission from a judicial officer of this district before filing a new civil lawsuit or any additional filings (other than a Notice of Appeal) in the present lawsuit, these future submissions will be discarded without filing.
>
> The Clerk is instructed to discard without filing, any new submission in this cause unless it is a Notice of Appeal of a final judgment.
>
> **Plaintiff is WARNED that any further submission of malicious and frivolous documents in this or in any other cause will lead to a bar against all new filings and possible imposition of monetary sanctions.**

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

[2]The Court notes plaintiff correctly points out he did not file a Motion to Compel. The Report and Recommendation mentions a Motion to Compel, but the reasoning contained throughout the Report and Recommendation clearly evidences a thorough review of plaintiff's "Bill in Equity" and request for summary judgment, which is all that is addressed by the recommendation. This Court's independent review of these documents shows they are indeed frivolous and malicious.

The Clerk shall send a copy of this Order to plaintiff and to any attorney of record.

This terminates docket entry nos 6, 13, and 16.

It is SO ORDERED.

Signed this the 15th day of August, 2017.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
United States District Judge